*Bullock and Anderson, for appellant.*

*Dawson, Harney, for appellee.*

---

J. B. BENEDICT ET AL *v.* W. E. SNODDY & Co.

**Specific Performance—Deeds—Purchaser Entitled to Good Title before Payment.**

Before an action for specific performance can be maintained, a vendor must show himself ready and able to make the purchaser of land a good title.

**Married Woman's Contract—Coverture and Infancy.**

A contract made with a married woman, who was also under age, upon complaint by her and husband, should be annulled, and restitution made on equitable principles.

APPEAL FROM BARREN CIRCUIT COURT.

October 2, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

On the 7th of March, 1860, appellant, Catherine Benedict executed her note for $250 due twelve months thereafter to D. P. Barclay for the one-half of the price of a small tract of land which she, on that day, contracted to purchase of said Barclay at the price of five hundred dollars, the one-half of which she paid down.

The note was assigned by Braclay to appellees, and in October, 1863, they brought this action against Mrs. Catherine Benedict and James B. Benedict, her husband, and others to coerce the payment of the note, claiming a lien on the land for its payment, and asking for its enforcement.

It appears from the petition that Mrs. Benedict at the time she executed the note was a married woman, and it is not alleged she was possessed, or was entitled to any separate estate; and in the joint answer of herself and husband, they rely upon both her coverture and infancy at the time she signed and delivered the note, and prayed by cross-pleadings to avoid the contract for a restoration of the money she had paid Barclay, and for general relief. On final hearing the court below decreed a specific execution of the contract; gave time for ten days in which Mrs. Benedict was to pay the amount of the note and cost of the action, and upon her failure to dos ,ordered a sale of the land to satisfy appellee's debts and costs, and Benedict and wife have appealed.

It is not alleged in the petition that a conveyance of the land had been made either to Benedict or his wife by Barclay; but it appears that Barclay was dead leaving a widow when the action was brought; that his estate was insolvent and that his heirs are numerous, and many of them non-residents and married women and he died intestate; that he had not made a deed for the land, and it is alleged that appellees were able to make, or could procure to be made a title to the land, and at the same time of the trial it is certain they were not prepared to make a conveyance; they were not in a condition therefore to enforce a specific execution of the contract. And that may be rationally assumed as the cause of the sacrafice in the sale of the land when the commissioner sold it, for he reports the price at which it was bid off at $165 less than one-third of the price for which Barclay contracted to sell it to Mrs. Benedict.

But there are two other fatal objections to the judgment; the pleadings of appellees show that Mrs. Benedict was laboring under

the disability of coverture, when she entered into the contract, and her husband and herself could avoid it.

But in addition to this disability, she was then an infant and the contract should have been annulled on that ground upon the prayer of the husband and wife, as he did not join her, and there is no allegation that she was guilty of fraud, or any misrepresentation whatever. Wherefore, the judgment is *reversed* and the cause remanded with directions to rescind the contract upon equitable principles.

An account must be taken of the rents, and deterioration of soil, to be credited by any lasting improvements made by Benedict and wife and the interest on the $250 paid in hand; the rents however not to exceed the interest on the whole purchase price, viz., $500, and for whatever balance may be due Mrs. Benedict of the $250 paid by her, she has a prior lien on the land, and whatever it may bring over and above the sum due her, appellees will be entitled to.

*Rodman,* for appellant.

*Gorin,* for appellee.